UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN WORCESTER,

    Plaintiff,

v.   Case No. 8:16-cv-246-T-24 TBM

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Stay. (Doc. No. 18). Plaintiff opposes the motion. (Doc. No. 19). As explained below, the motion is granted.

**I.   BACKGROUND**

Plaintiff Karen Worcester alleges in her amended complaint that Defendant Ocwen Loan Servicing, LLC called her cellular phone 95 times during the period of March 17, 2014 through May 7, 2015 after she revoked her consent to call her cellular phone. Furthermore, Plaintiff alleges that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to make the phone calls. Plaintiff contends that these phone calls violated the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA").

Defendant filed the instant motion to stay this case pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339). In *Spokeo,* the plaintiff alleges that the defendant violated the Fair Credit Reporting Act ("FCRA") through its publication of inaccurate consumer information about the plaintiff. In that case, the district court held that the plaintiff did not have constitutional standing to pursue the claim, because

bare allegations as to the alleged violations of the FCRA did not satisfy the injury in fact requirement for Article III standing. *See Robins v. Spokeo, Inc.*, 742 F.3d 409, 410–11 (9th Cir. 2014). On appeal, the Ninth Circuit reversed and held that the plaintiff did have constitutional standing. *Id.* at 413–14.

On April 27, 2015, the Supreme Court granted the defendant's petition for a writ of certiorari to answer the question of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339); *see also* Pet. Writ of Cert. at i, *Spokeo v. Robins*, No. 13-1339 (U.S. May 1, 2014); Br. Of Pet'r at i, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. July 2, 2015). The Supreme Court heard oral argument on November 2, 2015, and a decision is expected by the end of the term in July.

## II.     LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997) (stating district courts "enjoy broad discretion in deciding how to best manage the cases before them") (citation omitted). A district court can use this power and issue stays to promote judicial economy, to reduce confusion and prejudice, and to prevent inconsistent decisions. *See Clinton*, 520 U.S. at 706–07; *see also Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). To that end, a district court may "stay a case pending the resolution of related proceedings in another forum[.]" *Ortega Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam); *see also Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191,

1198 (11th Cir. 2009) (providing where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues," a stay is potentially warranted). However, stay orders cannot be for an indefinite duration. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citation omitted).

### III. ANALYSIS

Defendant seeks a stay in this case for 30 days after the Supreme Court rules in *Spokeo,* which is expected to occur by July 2016. This Court notes that numerous district courts, including courts within the Eleventh Circuit and this district, have reached different conclusions on whether to stay bare statutory violation cases pending the Supreme Court's resolution of *Spokeo*. *Compare Tel Sci. Corp. v. Hilton Grand Vacations Co.*, No. 6:15-cv-969-CEM-41DAB, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) (staying TCPA case), *and Boise v. Ace USA, Inc.*, No. 15-civ-21264, 2015 WL 4077433, at *4 (S.D. Fla. July 6, 2015) (same), *with Coniglio v. iQual Corp. & Nationstar Mortg.*, 8:15-cv-2406-T-33AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec. 3, 2015) (denying motion to stay TCPA case), *and Speer v. Whole Food Market Grp.*, No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (same).

Defendant argues that Plaintiff's TCPA claim should be stayed pending the Supreme Court's decision in *Spokeo*, because *Spokeo* will determine if Plaintiff has standing to sue for bare statutory violations, and a stay will save the Court and the parties time and resources and will not prejudice Plaintiff. Furthermore, Defendant points out that if Plaintiff lacks standing to pursue her TCPA claim, then this Court would not have subject matter jurisdiction over her FCCPA claim (as Plaintiff will not be able to meet the amount in controversy threshold for diversity jurisdiction). In response, Plaintiff argues that she has suffered an actual injury---the invasion of her privacy from the phone calls, the use of her allotted cellular phone minutes and voicemail space, and the

use of her time in trying to stop the calls---and as such, the *Spokeo* decision will not affect her standing.

The Court agrees with Defendant and concludes that the Supreme Court's decision in *Spokeo* will likely settle the issue of whether Plaintiff has Article III standing to pursue her TCPA claim. Furthermore, the Court concludes that Plaintiff will not be prejudiced by the stay, as the Supreme Court's decision is expected to be issued by this July. Should the Supreme Court not issue a decision by the end of July, Plaintiff may file a motion to return this case to active status.

## IV. CONCLUSION

Accordingly, it is ORDERED and ADJUDGED as follows:

(1) Defendant's Motion to Stay (Doc. No. 18) is **GRANTED**.

(2) This case is **STAYED** until 30 days after the Supreme Court issues its opinion in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (Apr. 27, 2015) (No. 13-1339).

(3) The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

(4) Plaintiff shall notify this Court within seven days after the Supreme Court issues its decision in *Spokeo*.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2016.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record